ERIKA BIRCH (Bar No. 7831)
LAUREN I. SCHOLNICK (Bar No. 7579)
**STRINDBERG & SCHOLNICK, LLC**
671 E. Riverpark Ln., Ste. 130
Boise, Idaho 83706
tele: 208.336.1788
fax: 208.344.7980
erika@idahojobjustice.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO - SOUTHERN DIVISION

| | |
|---|---|
| RONDA WALTERS,<br><br>    Plaintiff,<br><br>vs.<br><br>SAINT ALPHONSUS REGIONAL MEDICAL CENTER, Inc. an Idaho corporation, TRINITY HEALTH CORPORATION, an Indiana Corporation, HEIDI HARRIS, an Individual, LAUREA HOWELL, an Individual<br><br>    Defendants. | **COMPLAINT**<br>**(JURY DEMANDED)**<br><br>Civil No. _____<br><br>Judge    _____ |

Plaintiffs Ronda Walters ("Ms. Walters") complains and alleges against Defendants as follows:

### NATURE OF CASE

1.      This is an action for damages and redress arising from Defendants' interference with Ms. Walters' rights secured by the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*

("FMLA"), Defendants' retaliation against Ms. Walters for her exercise of such rights, and for other related state law claims.

## PARTIES, JURISDICTION AND VENUE

2. Ms. Walters is an individual residing in Ada County, Idaho and was a former employee of Saint Alphonsus Regional Medical Center.

3. Defendant Saint Alphonsus Regional Medical Center ("SARMC") is an employer within the meaning of 29 U.S.C. §2611(4), with its principal place of business located in Boise, Idaho.

4. Defendant Trinity Health Corporation ("Trinity") is an Indiana Corporation, and upon information and belief, is the parent company and/or joint employer of SARMC and its Boise employees.

5. Defendant Laurea Howell is an individual believed to be residing in Ada County and at all times relevant hereto was the Department Manager with the authority to hire, fire and make other employment-related decision with respect to department employees, including Ms. Walters.

6. Defendant Heidi Harris is an individual believed to be residing in Ada County and at all times relevant hereto was a Department Supervisor with the authority to make recommendations regarding hiring, firing and other employment related decision with respect to department employees, including Ms. Walters.

7. The conduct complained of herein occurred in Ada County, State of Idaho.

8. At all times relevant to this action, SARMC employed more than 50 employees within a 75 mile radius and it otherwise meets the jurisdictional prerequisites of the FMLA.

9. Ms. Walters was employed by SARMC for at least 12 months and she worked at least 1,250 hours during the previous, relevant 12-month period.

10. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court also has supplemental jurisdiction over the state law claims, as they relate to the federal law claims such that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

11. Venue is is proper in this district pursuant to 28 U.S.C. § 1391 (b) and ©.

## BACKGROUND INFORMATION

12. Ms. Walters began working for SARMC as a Financial Specialist in the registration department on August 7, 2006.

13. Throughout her tenure with SARMC, Ms. Walters received satisfactory performance reviews, regular merit increases, and was never disciplined for  poor performance.

14. From February 28, 2008 to April 14, 2008, Ms. Walters took six weeks and two days of approved FMLA leave to undergo and recover from a hysterectomy.

15. Thus, she had just under six weeks of statutorily-protected FMLA leave remaining when she suffered very serious injuries in an ATV accident on August 31, 2008.

16. As a result of this accident, Ms. Walters was LifeFlighted to SARMC.  She suffered a right scapular fracture, multiple right rib fractures, right-sided pneumothorax, pneumomediastinum, spleen laceration, liver laceration, kidney laceration, and a clavicle fracture. Ms. Walters had surgery and remained hospitalized until September 5, 2008.

17. Ms. Walters' husband contacted Ms. Walters' supervisor in the registration department at SARMC, Heidi Harris, on September 2nd to advise her of the accident and the fact that Ms. Walters was hospitalized.

18. At that time, Ms. Walters' doctors did not know when she would be able to return to work.

19. Due to the seriousness of her injuries, Ms. Walters was concerned that she may not be able to return to work before she exhausted her remaining FMLA leave, and she was up-front with Ms. Harris about this concern.

20. SARMC has a written policy providing that an employee's medical leave can be extended an additional 30 days. As such, Ms. Harris told Ms. Walters not to worry about when she could return to work, because Ms. Harris could apply for a 30-day extension of Ms. Walters' FMLA leave if necessary. Ms. Harris told Ms. Walters that she should just focus on recovering.

21. On September 3, 2008, Ms. Walters received a letter from Michelle Peugh in SARMC's Human Resources Department stating that she had been approved for FMLA leave.

22. The letter did not specify when her protected FMLA leave would expire nor did it inform her of her right to apply for a 30-day extension pursuant to SARMC's policies.

23. Unprompted by Ms. Walters, Ms. Harris asked Ms. Walters' coworkers if they would donate paid leave to Ms. Walters, since at the time, Ms. Walters had only about a week of paid leave.

24. Ms. Walters' coworkers donated paid leave hours to Ms. Walters, which totaled over 130 hours (as reflected in Ms. Walters' last paycheck from SARMC).

25. By mid-September, Ms. Walters' doctors were estimating that she would need to be off work for another six to eight weeks.

26. Again concerned about running out of FMLA leave, Ms. Walters spoke with Ms. Harris, who promised Ms. Walters she would seek a 30-day extension for Ms. Walters. Ms. Harris again told Ms. Walters not to worry about her job security.

27. Ms. Walters had additional conversations throughout September and early October with Ms. Harris, who continued to represent to Ms. Walters that she would be granted a 30-day extension and that she should not worry about her job.

28. At no time did anyone inform Ms. Walters of the date that her FMLA leave and/or the extension would expire.

29. On or about October 9, 2008, Ms. Walters received a letter dated October 7th, stating that her FMLA entitlement had expired on October 6th. The letter also informed her that, if she had not received an extension to her leave of absence, "Saint Alphonsus will consider your failure to do so as a voluntary termination by you of your employment. . ."

30. In fact, Ms. Walters' FMLA leave did not expire until October 8th, at the earliest.

31. Ms. Walters contacted Ms. Harris about the letter and the status of her extension. Ms. Harris once again assured Ms. Walters that she would speak with the registration department's manager, Laurea Howell, about the 30-day extension.

32. Ms. Walters also contacted Ms. Peugh in Human Resources regarding her "voluntary" termination and the extension. Ms. Peugh told Ms. Walters that she would need an extension request from Ms. Howell before a 30-day extension could be granted.

33. Ms. Walters was finally able to speak with Ms. Howell on October 16th, at which time Ms. Howell told Ms. Walters that her position had been offered to someone else and that she would not submit an extension request on Ms. Walters' behalf.

34. Despite several attempts to retain her job or another position at SARMC, Ms. Walters was officially terminated as of October 28, 2008.

35. Ms. Walters' last pay stub indicates that she still had 132.84 hours of Paid Time Off and she was paid for 32 hours of "minor sick leave" at her regular hourly rate for pay period through October 25, 2008.

36. Upon information and belief, Ms. Walters' replacement did not start working until November 3rd, which was after Ms. Walters was released by her doctor to return to work.

37. In pursuing SARMC's internal grievance process, Ms. Walters was consistently told that the decision to terminate her was based on the simple fact that her FMLA ran out and that the company needed to fill her position. She was also told that she could reapply for open positions with SARMC.

38. Ms. Walters has applied for over a dozen open positions at SARMC since her termination in October of 2008 and continues to apply for open positions.

39. Ms. Walters meets the listed qualifications for the positions for which she has applied at SARMC.

40. Ms. Walters has not been offered any of the open positions for which she has applied.

## MS. WALTERS' FIRST CLAIM FOR RELIEF
### (Interference with FMLA Rights, Against Employer-Defendants SARMC, Trinity, Howell and Harris)

41. Plaintiff incorporates by reference all previous paragraphs as though alleged herein.

42. Defendants SARMC, Trinity, Howell and Harris (hereinafter "Employer-Defendants") are "employers" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A).

43. Plaintiff was a "qualified employee" having worked for SARMC for more than twelve months and more than 1,250 hours.

44. Employer-Defendants unlawfully interfered with Ms. Walters' rights pursuant to FMLA, including her right to protected leave and to reinstatement to her same or an equivalent position(s), as outlined above. Such interference included but is not limited to the following:

    a. Employer-Defendants did not inform Ms. Walters the date her protected leave expired until after that date had supposedly already passed;

    b. Employer-Defendants misrepresented the expiration date of her protected leave;

    c. Employer-Defendants failed to apply for a 30-day extension of her protected leave as promised;

    d. Employer-Defendants refused to grant her a 30-day extension of her protected leave; and

    e. Employer-Defendants' ultimately terminated her employment and refused to reinstate her.

45. Employer-Defendants' conduct violates section 2615 (a)(1) of the FMLA, and Employer-Defendants are liable to Ms. Walters for all lost wages and lost wage increases, lost health insurance and all other employee benefits, and other compensation to which she would have been entitled but for Employer-Defendants' conduct, as well as prejudgment interest on those losses. In addition, Ms. Walters is entitled to an additional amount as liquidated damages equal to the damages plus prejudgment interest thereon, reasonable attorney's fees, reasonable expert witness fees and any other costs of this action, and such other and further equitable relief as this Court deems appropriate (including reinstatement, promotion and/or front pay).

### MS. WALTERS' SECOND CLAIM FOR RELIEF
**(Retaliation with FMLA Rights,
Against Employer-Defendants SARMC, Trinity, Howell and Harris)**

46. Plaintiff incorporates by reference all previous paragraphs as though alleged herein.

47. In addition to interfering with Ms. Walters' FMLA rights as set forth above, Employer-Defendants also retaliated against Ms. Walters for exercising and/or attempting to exercise her FMLA rights when they refused to apply for and/or grant a 30-day extension, terminated her employment, and failed to reinstate her.

48. Moreover, Employer-Defendants have refused to rehire Ms. Walters, although she has applied for various open positions at SARMC for which she is qualified. This constitutes further unlawful retaliation under the FMLA.

49. Employer-Defendants' conduct violated section 2615(a)(2) of the FMLA, and Employer-Defendants are liable to Ms. Walters for all lost wages and lost wage increases, lost health insurance and all other employee benefits, and other compensation to which she would have been entitled but for Employer-Defendants' conduct, as well as prejudgment interest on those losses. In addition, Ms. Walters is entitled to an additional amount as liquidated damages equal to the damages plus prejudgment interest thereon, reasonable attorney's fees, reasonable expert witness fees and any other costs of this action, and such other and further equitable relief as this Court deems appropriate (including reinstatement, promotion and/or front pay).

### MS. WALTERS' THIRD CLAIM FOR RELIEF
**(Breach of Contract, Against SARMC and Trinity)**

50. Plaintiff incorporates by reference all previous paragraphs as though alleged herein.

51. SARMC has a written policy providing that employees may receive an additional 30 days of medical leave upon request.

52. Ms. Harris made multiple representations that she would apply for a 30-day extension of Ms. Walters' FMLA leave and that Ms. Walters' employment would be secure.

53. Ms. Harris acted as an actual or apparent agent for SARMC in making these representations.

54. This policy and Ms. Harris' representations created a contract by which SARMC was obligated to extend Ms. Walters' medical leave up to 30 days.

55. Defendants SARMC and Trinity breached that contract by failing to apply for or grant the 30-day extension and by terminating Ms. Walters before the 30-day extension expired.

56. Ms. Walters has suffered damages as a direct and proximate result of this breach. Her damages include but are not limited to, lost wages and lost wage increases, lost health insurance and all other employee benefits, and other compensation to which she would have been entitled but for Employer-Defendants' conduct, as well as prejudgment interest on those losses, and other consequential damages. In addition, Ms. Walters is entitled to reasonable attorney's fees, reasonable expert witness fees and any other costs of this action, and such other and further equitable relief as this Court deems appropriate (including reinstatement, promotion and/or front pay).

## MS. WALTERS' FOURTH CLAIM FOR RELIEF
**(Breach of Covenant of Good Faith and Fair Dealing, Against SARMC & Trinity)**

57. Plaintiff incorporates by reference all previous paragraphs as though alleged herein.

58. There was an implied covenant of good faith and fair dealing with respect to the contract referenced above specifically, and with regard to Plaintiff's employment contract generally.

59. Defendants SARMC and Trinity breached the implied covenant of good faith and fair dealing in various ways, including but not limited to:

    a.    representing that it would apply for and grant Ms. Walters a 30-day extension of her FMLA leave, and then failing to do so;

    b.    notifying her of the expiration of her FMLA leave after it had allegedly expired; and

    c.    terminating Ms. Walters even though she could have gone back to work before her replacement started.

60.    As a direct and proximate result of SARMC's and Trinity's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages. Her damages include but are not limited to, lost wages and lost wage increases, lost health insurance and all other employee benefits, and other compensation to which she would have been entitled but for Employer-Defendants' conduct, as well as prejudgment interest on those losses, and other consequential damages. In addition, Ms. Walters is entitled to reasonable attorney's fees, reasonable expert witness fees and any other costs of this action, and such other and further equitable relief as this Court deems appropriate (including reinstatement, promotion and/or front pay).

### MS. WALTERS' FIFTH CLAIM FOR RELIEF
**(Promissory Estoppel, Against SARMC, Trinity & Harris)**

61.    Plaintiff incorporates by reference all previous paragraphs as though alleged herein.

62.    Ms. Harris promised Ms. Walters that she would apply for a 30-day extension on her behalf on more than one occasion.

63.    Ms. Harris promised Ms. Walters that she need not worry about her job security and that she would have medical leave until at least early November, 2008.

64.    Ms. Harris acted as an actual or apparent agent for SARMC in making these representations.

65. Ms. Walters acted reasonably in justifiable reliance on Ms. Harris' promises to her detriment which was substantial in an economic sense.

66. Ms. Walters' substantial loss in acting in reliance was or should have been foreseeable by Harris.

67. Ms. Walters has suffered damages as a result. Her damages include but are not limited to, lost wages and lost wage increases, lost health insurance and all other employee benefits, and other compensation to which she would have been entitled but for Employer-Defendants' conduct, as well as prejudgment interest on those losses, and other consequential damages. In addition, Ms. Walters is entitled to reasonable attorney's fees, reasonable expert witness fees and any other costs of this action, and such other and further equitable relief as this Court deems appropriate (including reinstatement, promotion and/or front pay).

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS TRIABLE TO A JURY**.

### PRAYER FOR RELIEF

a. Back pay, in amounts to be determined at trial;

b. Reinstatement and/or front pay, in lieu of reinstatement;

c. Compensatory and consequential damages;

d. Liquidated damages;

e. Injunctive and/or declaratory relief;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorneys' fees and costs of this action, including expert witness fees, as appropriate; and

h. Any such further relief as justice allows.

DATED this <u>15th</u> day of October, 2009.

                              **STRINDBERG & SCHOLNICK, LLC**

                              <u>/s/ Erika Birch</u>
                              Counsel for Plaintiff

**<u>Plaintiff's Address:</u>**
Boise, ID